UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

TODD NELSON; AND
TAMMI NELSON;

        Plaintiffs,

vs.

WESTCONSIN CREDIT UNION;
EXPERIAN INFORMATION
SOLUTIONS, INC; EQUIFAX
INFORMATION SERVICES, LLC.;
AND TRANS UNION LLC,

        Defendants.

Case No. 17-CV-893

## COMPLAINT

NOW COME Plaintiffs Todd Nelson and Tammi Nelson (the "Nelsons"), by and through their attorneys, DeLadurantey Law Office, LLC, and Attorney Sam Wayne, S.C., and complains of Defendants WESTconsin Credit Union, Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union LLC, and alleges to the best of their knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### Nature of the Action

1. This lawsuit arises from incorrect credit reporting and collections.

2. Causes of Action herein are brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA" or the "Act").

**Parties, Jurisdiction, and Venue**

3. The Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

4. Venue is proper because each defendant has the requisite minimum contacts required for personal jurisdiction in the Western District of Wisconsin, and therefore has "residency" in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391.

5. The Nelsons are Minnesota individuals who have been married to one other at all times relevant.

6. Defendant WESTconsin Credit Union ("Defendant Westconsin") is a Wisconsin not-for-profit financial cooperative with headquarters at 444 S. Broadway, Menomonie, WI 54751.

7. Defendant Westconsin is a "person" as that term is defined by 15. U.S.C. § 1681a(b) of the Act and furnishes information to consumer reporting agencies.

8. Defendant Equifax Information Services, LLC ("Defendant Equifax") is a foreign limited liability company with a principal office of 1550 Peachtree St. NW, Atlanta, GA 30309, and a registered agent office of The Prentice-Hall Corporation System, Inc., 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

9. Defendant Equifax is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

10. Defendant Experian Information Solutions, Inc. ("Defendant Experian") is a foreign corporation with a principal office of 475 Anton Blvd., Costa Mesa, CA 92626,

and a registered agent of CT Corporation System, 301 S. Bedford St. Suite 1, Madison, WI 53703.

11. Defendant Experian is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

12. Defendant Trans Union LLC ("Defendant Trans Union") is a foreign limited liability company with a principal office of 555 West Adams, Chicago, IL 60661, and a registered agent office of The Prentice-Hall Corporation System, Inc., 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

13. Defendant Trans Union is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

14. The Nelsons are each a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) of the Act.

15. The credit reports that are the subject of this action were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

## Factual Allegations

16. In or around 2004, The Nelsons obtained both a mortgage and a second mortgage (the "Mortgages") from Defendant Westconsin, secured by the property (the "Property") at 1490 N. 7th Ave., Baldwin, WI 54002.

17. On July 30, 2012, Westconsin filed Case No. 2012-CV-742 (the "Foreclosure Action") in St. Croix Circuit Court against the Nelsons and other defendants. The Foreclosure Action was an action for foreclosure of the Mortgages.

18. On November 28, 2012, judgment of foreclosure and sale was entered against the Nelsons in favor of Defendant Westconsin.

19. On March 11, 2013, the Property was transferred by Sheriff's Deed to Defendant Westconsin on March 5, 2013.

20. At all times relevant, Defendant Westconsin furnished credit information regarding the Mortgages to Defendants Equifax, Experian, and Trans Union.

21. After the judgment of foreclosure and sale was entered against the Nelsons on November 28, 2012, or after the Property was transferred to Defendant Westconsin on March 5, 2013, the credit information it furnished to the Defendants Equifax, Experian, and Trans Union that one of the Mortgages had an balance due (the "Active Balance") of approximately $31,000 was no longer accurate, but Defendant Westconsin did not change its reporting to reflect that this balance was no longer correct.

22. On January 19, 2016, Mr. Nelson met with a mortgage banker at MidCountry Mortgage to apply for a home loan.

23. The Nelsons were denied credit at that meeting because their credit reports were showing the Active Balance.

24. After discovering this, the Nelsons contacted Defendants Equifax, Experian, and Trans Union on January 30, 2016, to inform them that the Active Balance on one of the Mortgages was being reported in error on each of their credit files, as the Mortgages had

been foreclosed on and the Nelsons did not owe Defendant Westconsin any money on the Mortgages. The Nelsons included information of the Foreclosure Action in these disputes.

25. The Nelsons requested that Defendants Equifax, Experian, and Trans Union reinvestigate their dispute, sending such requests to each of these defendants on March 17, 2016, April 19, 2016, June 8, 2016, and July 20, 2016.

26. Despite these requests to reinvestigate, Defendants Equifax, Experian, and Trans Union allowed the incorrect information to remain on each of the Nelsons' credit file.

16. On information and belief, Defendant Westconsin responded to multiple automated customer dispute verification ("ACDV") requests from Defendants Equifax, Experian, and Trans Union, and responded to each ACDV by verifying the reporting of the Active Balance as accurate.

27. During the first week of May, 2016, Mr. Nelson contacted Defendant Westconsin's Chief Lending Officer to inquire about the errant reporting of an Active Balance on one of the Mortgages.

28. On May 9, 2016, one of Defendant Westconsin's Vice Presidents, Craig Adams, returned Mr. Nelson's call, and Mr. Nelson explained to Mr. Adams that the Active Balance should not have been reported on the Nelsons' credit files.

29. Over the next few months, Mr. Nelson had numerous communications with Mr. Adams regarding this matter. Mr. Adams explained to Mr. Nelson that he had personally looked at the account and that all the information being reported correctly.

30. Mr. Nelson proposed numerous settlement offers to have the Active Balance reported correctly, but none of his proposals were accepted. Mr. Adams mentioned to Mr.

Nelson that Defendant Westconsin's legal department had also reviewed the account and recommended against settling it.

31. The Nelsons retained an attorney, who on August 3, 2016 wrote to Defendant Westconsin's attorney of record in the Foreclosure Action: "Perhaps more troubling is that Westconsin is furnishing to the credit reporters the information that Mr. and Mrs. Nelson are still obligated to pay to Westconsin on or about $31,000. Please advise as to the reasoning behind Westconsin's furnishing of this information, or confirm that it has been amended to a $0 debt owed and a foreclosure judgment was fully satisfied on March 5, 2013."

32. On August 12, 2016, Defendant Westconsin's attorney sent a letter to the Nelsons' attorney stating "Please be advised that the amount reflected on Mr. and Mrs. Nelson's credit report as due and owing to Westconsin Credit Union as a result of a Note and Mortgage given by Mr. and Mrs. Nelson to Westconsin in March 2004 was erroneously reported."

**Count 1 – Violations of the FCRA, Defendant Equifax (15 U.S.C. §1681, *et seq.*)**

33. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Defendant Equifax also has a duty, whenever it prepares a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

35. Defendant Equifax prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false and damaging information about the Nelsons to current and potential creditors.

6

36. Defendant Equifax violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i by failing to follow reasonable procedures to assure maximum possible accuracy of the Nelsons' consumer credit files, by falsely reporting that they owed a balance to Westconsin and by failing to conduct a reasonable reinvestigation with respect to the information provided by the Nelsons that they did not owe anything on the account.

37. As a result of Defendant Equifax's violations of 15 U.S.C. §§ 1681e(b) and 1681i, the Plaintiffs have suffered a detriment to their ability to borrow, emotional distress, and other damages in an amount to be determined at trial.

38. Defendant Equifax's conduct, actions and inaction, were willful, rendering it liable for damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681n.

39. Alternatively, Defendant Equifax's violations were negligent, rendering it liable for actual damages under § 1681o of the Act.

40. Plaintiffs are entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

**Count 2 – Violations of the FCRA, Defendant Experian (15 U.S.C. §1681, *et seq.*)**

41. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Defendant Experian also has a duty, whenever it prepares a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

43. Defendant Experian prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false and damaging information about the Nelsons to current and potential creditors.

44. Defendant Experian violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i by failing to follow reasonable procedures to assure maximum possible accuracy of the Nelsons' consumer credit files, by falsely reporting that they owed a balance to Westconsin and by failing to conduct a reasonable reinvestigation with respect to the information provided by the Nelsons that they did not owe anything on the account.

45. As a result of Defendant Experian's violations of 15 U.S.C. §§ 1681e(b) and 1681i, the Plaintiffs have suffered a detriment to their ability to borrow, emotional distress, and other damages in an amount to be determined at trial.

46. Defendant Experian's conduct, actions and inaction, were willful, rendering it liable for damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681n.

47. Alternatively, Defendant Experian's violations were negligent, rendering it liable for actual damages under § 1681o of the Act.

48. Plaintiffs are entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

**Count 3 – Violations of the FCRA, Defendant Trans Union (15 U.S.C. §1681, *et seq.*)**

49. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Defendant Trans Union also has a duty, whenever it prepares a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

51. Defendant Trans Union prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false and damaging information about the Nelsons to current and potential creditors.

52. Defendant Trans Union violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i by failing to follow reasonable procedures to assure maximum possible accuracy of the Nelsons' consumer credit files, by falsely reporting that they owed a balance to Westconsin and by failing to conduct a reasonable reinvestigation with respect to the information provided by the Nelsons that they did not owe anything on the account.

53. As a result of Defendant Trans Union's violations of 15 U.S.C. §§ 1681e(b) and 1681i, the Plaintiffs have suffered a detriment to their ability to borrow, emotional distress, and other damages in an amount to be determined at trial.

54. Defendant Trans Union's conduct, actions and inaction, were willful, rendering it liable for damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681n.

55. Alternatively, Defendant Trans Union's violations were negligent, rendering it liable for actual damages under § 1681o of the Act.

56. Plaintiffs are entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

**Count 4 – Violations of the FCRA, Westconsin (15 U.S.C. §1681, *et seq.*)**

57. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. Westconsin prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false consumer information regarding the Nelsons, as defined in the FCRA.

59. Westconsin violated 15 U.S.C. § 1681s-2(b) by continuously failing to conduct a reasonable investigation with respect to the disputed information, by continuously failing

to review all relevant information available, and by continuously failing to update the Nelsons' credit reports to accurately reflect that they did not owe a balance.

60. As a result of Westconsin's failures to correct their erroneous and derogatory credit reporting, the Nelsons have suffered a detriment to their ability to borrow, emotional distress, and other damages in an amount to be determined at trial constituting actual damages pursuant to 15 U.S.C. §§ 1681b(a)(3)(A) and 1681o(a)(1).

61. Because Westconsin disregarded notices pertaining to the status of the account, violations of 15 U.S.C. § 1681s-2(b) were willful, entitling the Nelsons to statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

62. Plaintiffs are entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## **Trial by Jury**

63. Plaintiffs are entitled to, and hereby respectfully demand a trial by jury on all issues so triable.

WHEREFORE, Plaintiffs prays that this Court will enter an Order:

A. For an award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1682o(a)(1); against all Defendants;

B. Statutory and punitive damages against all Defendants pursuant to 15 U.S.C. § 1681n(a);

C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2) against all Defendants;

D. For such other and further relief as may be just and proper.

Dated this 22nd day of November, 2017.

                                        /s/ Nathan DeLadurantey
                                        Nathan E. DeLadurantey, SBW 1063937

DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
P: (414) 377-0515
F: (414) 755-0860
E: nathan@dela-law.com

Sam Wayne, SBW 1074341
ATTORNEY SAM WAYNE, S.C.
2002 Atwood Ave. Suite 203
Madison, WI 53704
P: (608) 469-3598
F: (608) 268-8746
E: samwayne@asw-law.com
*Attorneys for the Plaintiffs*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiffs, Todd Nelson and Tammi Nelson, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Todd Nelson

_____
Tammi Nelson